UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sherwin-Williams Company, | ) | |
| | ) | CASE NO. 5:12CV3052 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Wooster Brush Company, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Nearly 70 years ago, the United States Supreme Court explained the core goals of the discovery rules contained in the Federal Rules of Civil Procedure.

> The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method.   The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. **The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial.**

*Hickman v. Taylor*, 329 U.S. 495, 500-01 (1947) (footnotes omitted, emphasis added).

In that regard, the current version of Fed.R. Civ. P. 26(e) provides:

(1) In General. A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure…:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Moreover, the committee notes to this rule advise that such supplementation should occur at "appropriate intervals" throughout the discovery period. "In short, Rule 26 imposes a *duty* on Plaintiffs; it grants them no *right* to produce information in a belated fashion." *Reid v. Lockheed Martin Aeronautics Co.*, 20 5F.R.D. 655, 662 (N.D.Ga. 2001) (emphasis in original). "The duty to supplement applies whether the corrective information is learned by the client or by the attorney… and extends not only to newly discovered evidence, but to information that was not originally provided although it was available at the time of the initial disclosure or response." *American Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, 2009 WL 1617773, at *5 (E.D.N.Y. June 9, 2009) (citations and quotations omitted).

In turn, Fed.R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Despite the apparent clarity of these rules, the Court has time and again seen attempts at gamesmanship, confusion over obligations, and a combination of both of those factors.

With this backdrop in mind, the Court examines Wooster Brush's motion to exclude (Doc. 56) the testimony of certain witnesses based upon a failure to comply with both the letter and spirit of the rules discussed as far back as *Hickman*. In its motion, Wooster Brush seeks to exclude the

testimony of Daryl Matheny, Scott Rives, and Deanna Trivisonno.   In its motion, Wooster Brush contends that on December 6, 2013, Sherwin Williams filed its fourth supplement to its initial disclosures and identified these three individuals for the first time.   Wooster Brush contends that Matheny first contacted counsel for Sherwin Williams on October 23, 2013 and that counsel for Sherwin Williams returned Matheny's call on October 25, 2013.   Wooster Brush also claims that during this conversation on the 25th, Matheny disclosed Rives as a potential witness as well.   On October 30, 3013, Rick Erebia was deposed and testified about an email chain that was produced that involved Matheny.

Meanwhile, on October 29, 2013, Wooster Brush served its Interrogatory No. 24, seeking the identity of all current and former Home Depot employees that Sherwin Williams had contacted regarding the lawsuit.   While Matheny and Rives clearly fall into this category, Sherwin Williams' response on November 29, 2013, did not identify Rives nor Matheny.

Additionally, Wooster Brush claims that while a MarketVision Research study from 2010 was produced on August 15, 2013, Sherwin Williams never identified any individual with knowledge of the study.   Instead, Sherwin Williams allegedly never solicited testimony on the study and identified Trivisonno for the first time on December 6, 2013 to authenticate the study.

In response to the motion, Sherwin Williams raises several arguments.   First, Sherwin Williams contends that all of its disclosures fell within this Court's guidelines in the Case Management Plan.   In raising such an argument, Sherwin Williams conflates its Rule 26 obligations with this Court's requirement that *trial witness lists* be exchanged.   In that regard, the Court's Case Management Plan provides:

> No later than the closing date of discovery, each party shall provide all opposing counsel with a list of witnesses who are expected to be called at trial. Each attorney shall have a continuing obligation to supplement this list immediately upon

> learning of any additional witnesses. No witness will be permitted to testify unless his or her name is provided to opposing counsel at least ninety (90) days before trial or the closing date of discovery, whichever is later.

Doc. 21 at 3.  The above provision makes no mention of Rule 26 disclosures.  Moreover, it would be a nonsensical reading of that provision to apply it to Rule 26 disclosures.  Under such a reading, a party could "timely" disclose witnesses well after the close of discovery.  Further, even if the Court were to apply the above-quoted provision to Rule 26, Sherwin Williams ignores what would be the applicable language to the facts herein:  "Each attorney shall have a continuing obligation to supplement this list **immediately** upon learning of any additional witnesses." Emphasis added.  As such, the Court finds any reliance by Sherwin Williams on the Case Management Plan to be misplaced.

In addition, Sherwin Williams contends its disclosures were timely because they were made "well before" the December 29, 2013 discovery cutoff set by this Court.  First, with respect to Matheny, Sherwin Williams claims:  "Wooster has known about Mr. Matheny and his potential testimony for as long as Sherwin-Williams has known. Both Sherwin-Williams and Wooster learned of Mr. Matheny and his knowledge about Wooster's intent to copy the PURDY trade dress at issue here on the same day: October 23, 2013."  Doc. 59 at 5.  In that regard, there is no dispute that Wooster knew of Matheny's existence and was familiar with the email exchange between Matheny and Erebia.  However, the suggestion that Wooster was aware that Matheny had knowledge of *Wooster's* intent to copy is not supported by anything in the record.  It appears that Wooster's lack of knowledge of the scope of Matheny's possible testimony drives Wooster's arguments herein.

With respect to Matheny, the Court cannot find that Sherwin Williams violated its discovery obligations.  Sherwin Williams was only obligated to update its disclosures if

Matheny's existence "has not otherwise been made known" to Wooster.  In the instant matter, Wooster Brush seeks to compel a further duty on Sherwin Williams to disclose the entirety of the information it learned from Matheny as it learned that information.  However, the legal system remains an adversarial system by nature.  Herein, both Sherwin Williams and Wooster Brush learned of Matheny's existence at the same time.  The fact that Sherwin Williams further investigated Matheny's knowledge and/or that he was more cooperative with Sherwin Williams does not alter the discovery obligations imposed by Rule 26.  Accordingly, the Court can find no discovery violation with respect to Matheny.

The disclosure of Rives, however, presents under a different set of facts.  Sherwin Williams admits that it learned of Rives' existence and relevance to this suit on October 25, 2013.  It learned of Rives through a discussion with Matheny.  Counsel for Sherwin Williams then contacted Rives "to confirm that he had knowledge relevant to this dispute." Doc. 59 at 7.  Sherwin Williams provides no justification for learning of Rives' knowledge on October 25 and waiting six weeks to disclose him to Wooster Brush.  Instead, Sherwin Williams again contends that its disclosure was timely because it fell before the close of fact discovery.  Moreover. Sherwin Williams makes no assertion that its initial conversation with Rives was insufficient to alert it to the fact that Rives could be used to support its claims or defenses.  In essence, Sherwin Williams' exclusive opposition is that its disclosure was timely.  The Court disagrees.

The Court agrees that Wooster Brush had 23 total days to attempt to schedule Rives' deposition upon receiving the fourth supplemental disclosure from Sherwin Williams.  However, that fact ignores that Sherwin Williams deprived Wooster Brush of the additional 42 days that it could have used to schedule that deposition.  Moreover, it ignores that this Court had already previously extended the discovery cutoff and had indicated that extraordinary circumstances

would be needed to justify a second extension.   It, of course, also ignores that the discovery cutoff fell almost immediately after the Christmas holiday, making scheduling all the more difficult. The Court finds itself in agreement with the position staked out by Wooster Brush – the timeliness of disclosures must be measured in an objective manner.   As the sole facts before the Court show that Sherwin Williams had no basis for withholding Rives' identity for six weeks, the inescapable conclusion is that his disclosure was untimely.

Similarly, the Court finds no reasonable basis for the late disclosure of Trivisonno.   In support of this disclosure, Sherwin Williams claims that it disclosed the MarketVision Research as early as August 15, 2013.  Sherwin Williams claims that Wooster Brush had ample to inquire about that document throughout discovery.   Again, Sherwin Williams conflates its obligation to provide disclosures with Wooster Brush's duty to conduct its own defense.   Sherwin Williams is correct that Wooster Brush could have, without any guidance, explored the possible relevance of all 60,000 documents that were produced in discovery.   However, the discovery rules were specifically designed to avoid imposing such an obligation.   Instead, Wooster Brush is entitled to know that Sherwin Williams not only deems the study to be subject to disclosure, but to identify those individuals with knowledge of the study.   Once again, Sherwin Williams has offered no justification for its untimely disclosure.

In crafting an appropriate sanction for these untimely disclosures, the Court must first examine whether prejudice stemmed from them.  With respect to the untimely disclosure of Trivisonno, the Court finds that prejudice does result from her untimely disclosure.   The underlying study itself was properly and timely produced in discovery.   However, Sherwin Williams never disclosed the individual that would authenticate the study.   As a result, an objective defendant would conclude that Sherwin Williams had no intention to rely on the study

and therefore would not invest in any discovery related to that study.   By withholding disclosure of Trivisonno's identity until near the completion of discovery, Sherwin Williams effectively hid its intent to use the study in contravention of its disclosure obligations.   As such, Wooster Brush must be given the opportunity in some fashion to conduct discovery surrounding the study **with** the knowledge that it should have had much earlier – namely that Sherwin Williams intended to rely on the study.

Similarly, the failure to timely disclose Rives wholly deprived Wooster Brush of the opportunity to prepare and schedule his deposition.   Once again, there is a universal failure by Sherwin Williams to justify its untimely disclosure with respect to Rives.

Accordingly, the Court hereby orders as follows:   Wooster Brush may depose Rives and may conduct one additional deposition of either Trivisonno or another individual that they believe may have relevant knowledge of the study.   These depositions shall be scheduled and completed within 45 days of this order.   The cost of both these depositions, including Wooster Brush's attorney fees, will be borne by Sherwin Williams as a sanction for its untimely disclosure.

As such, the pending motion is GRANTED IN PART AND DENIED IN PART as detailed herein.

IT IS SO ORDERED.


February 10, 2014_____                              _/s/ John R. Adams_____
Dated                                                           JUDGE JOHN R. ADAMS
                                                                     United States District Judge