UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sherwin-Williams Company, | ) | |
| | ) | CASE NO. 5:12CV3052 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Wooster Brush Company, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before this Court is Plaintiff Sherwin Williams' request that this Court determine the sufficiency of Defendant Wooster Brush's responses to requests for admission.  The Court now conducts that review.

"Requests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). "Requests for admissions and interrogatories are not interchangeable procedures." *Estate of Fahner v. Wayne County*, 2009 WL 4644788, at * (E.D.Mich. Dec.3, 2009). Rule 36's "proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Hamilton v. Spurling*, 2013 WL 1165034, at * 1 (S.D.Ohio Mar.20, 2013) (quoting *Khami v. Ortho–McNeil–Janssen Pharm., Inc.*, 2011 WL 996781, at * 2 (E.D.Mich. Mar.17, 2011)); *see also Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W.Va. 2010) ("Rule 36(a)'s primary purposes are 'to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'"). "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document

and merely wishes its opponent to concede their genuineness.... A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36." 8B Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, § 2253 at 324–25 (3d ed.2010).   For that matter, "[u]tilizing interrogatories disguised as requests for admissions in an attempt to circumvent [ ] rule[s] limiting the number of interrogatories is an abuse of the discovery process." *Safeco of Am. v. Rawston*, 181 F.R.D. 441, 445–46 (C.D.Cal.1998)

The scope of Rule 36 is limited to "matters within the scope of Rule 26(b)(1)." Fed. R. Civ. P. 36(a)(1). Under Rule 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).   Moreover, "[t]he party requesting an admission 'bears the burden of setting forth [his] requests simply, directly, and not vaguely and ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit an qualification or explanation for purposes of clarification.'" *Biernacki v. United States*, 2012 WL 6100291, at *3 (W.D.N.Y. Dec.7, 2012) (quoting *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003)); *see Piskura v. Taser Int'l*, 2011 WL 6130814, at *1 (S.D.Ohio Nov.7, 2011). "Qualifying a response may be particularly appropriate if the request is sweeping, multi-part, involves sharply contested issues, or goes to the heart of a defendant's liability." *Wiwa v. Royal Dutch Petroleum Co*., 2009 WL 1457142, at *4 (S.D.N.Y. May 26, 2009).   Where the wording of a request for admission is imprecise, the responding party should set forth a qualified answer that fairly meets the substance of the request. *See Baugh v. Bayer Corp*, 2012 WL 4069582, at *2 (D.S.C. Sept.17, 2012) ("[R]equests for admission are not games of 'Battleship' in which the propounding party must guess the precise language coordinates the responding party deems answerable."). "The court has substantial discretion to determine the propriety of such requests and the sufficiency of the

responses." *National Independent Truckers Ins. Co. v. Gadway*, 2011 WL 5554802, at * 2 (D.Neb. Nov.15, 2011). If the court finds that an answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

Sherwin Williams first contends that the responses to its requests numbered six through eleven are insufficient.   The Court agrees.   In each request, Sherwin Williams asks Wooster Brush to admit that it was aware prior to May 1, 2011 of a *particular* color scheme used on Sherwin Williams packaging.   In response, Wooster Brush admitted that it was aware in *general* that a color scheme was used.   In those instances, Sherwin Williams properly set forth a specific request for admission that was clear and unambiguous.   Accordingly, Wooster Brush was obligated to respond within the confines of Rule 36.   Instead, Wooster Brush effectively admitted to a fact that was not within the request for admission.

Sherwin Williams also takes issue with Wooster Brush's responses to its requests 1-4 and 70-82.   In those responses, Wooster Brush repeatedly refers to and incorporates the deposition testimony of its 30(b)(6) representative Scott Rutledge.   However, in doing so, Wooster Brush does not admit, deny, assert a lack of knowledge, or object to the request.   As such, it is not in strict compliance with Rule 36.   At the same time, it would be disingenuous to suggest that the reference to the specific page and line of deposition testimony is wholly unresponsive.   Instead, the provision of this information makes it relatively simple to determine Wooster Brush's response.

The Court does agree, however, that regardless of the simplicity of ascertaining an answer by reviewing the deposition testimony, Sherwin Williams is entitled to a response that complies with the form specified by Rule 36.   As such, the responses to requests 1-4 and 70-82 are deficient

in the technical sense.

The Court notes that Wooster Brush makes numerous arguments about the impropriety of the requests for admissions.  However, many of those requests it voluntarily chose to answer without objection.   Moreover, to the extent that Wooster Brush believes that the requests seek to contradict prior testimony or improperly expand discovery by virtue of being a disguised interrogatory, it was free to raise that specific objection in response.

The Court tends to agree that the sheer number and broad range of requests for admission make it unlikely that they are truly designed to narrow the issues for trial by establishing uncontroverted facts.  However, absent formal specific objections to the individual requests, Wooster Brush was obligated to respond to them as required by rule.

At this time, the Court will allow amendment of the responses discussed above.  As the Court has seen no prejudice to Sherwin Williams, especially given the specific deposition citations, it will not take the more drastic measure of deeming the requests admitted. Furthermore, the Court will hold in abeyance any review of a requested monetary sanction against Wooster Brush until such time as the amended responses are provided to Sherwin Williams and provided to the Court for review.

Within 14 days of this order, Wooster Brush shall amend its responses to requests 1-4, 6-11, and 70-82.


IT IS SO ORDERED.


March 3, 2014                                        /s/ John R. Adams_____
Dated                                                   JUDGE JOHN R. ADAMS
                                                        United States District Judge